UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
|---|---|---|---|
| Title | Symeon Argyropoulos v. Ocwen Loan Servicing, LLC | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO REMAND [29] AND DENYING PLAINTIFF'S MOTION TO DISMISS [26]

### I. Background

On May 13, 2015, plaintiff Symeon Argyropoulos ("Plaintiff") filed a class action complaint against defendant Ocwen Loan Servicing LLC ("Defendant") in state court. Plaintiff alleged that Defendant violated California Business & Professions Code § 17200 *et seq.* ("UCL") by violating title 10 California Code of Regulations § 1950.314.7. Dkt. 1-1. Plaintiff seeks to represent all California consumers whose loans were serviced by Defendant and who were charged late fees by Defendant even though their loan payments were received by Defendant before the date on which Defendant was entitled to impose those fees and/or were reported to the various credit bureaus as delinquent in making payments when they were not. *See id.* ¶ 16. On June 19, 2015, Defendant filed a notice of removal with this court, asserting that removal was proper under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"). Dkt. 1.

There are two motions currently pending before the Court. First, Plaintiff asserts that the Court lacks jurisdiction over the case because Defendant cannot meet its burden of establishing that jurisdiction is proper under CAFA. Dkt. 29. Second, Defendant asserts that the Court should dismiss the case because plaintiff cannot state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 26.

For the reasons stated below, the Court DENIES Plaintiff's motion to remand and DENIES

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
| Title | Symeon Argyropoulos v. Ocwen Loan Servicing, LLC | | |

Defendant's motion to dismiss.

## II. Statement of Facts[1]

### A. Class Allegations in the Complaint

In his complaint ("Compl."), Plaintiff seeks to represent a putative class action:

> consisting of all persons in California who are the debtors on loans serviced by [Ocwen] and who, during the period beginning four years from the filing of this Complaint, and ending on the date of the certification of the class in this action, were improperly charged late fees by [Ocwen] and/or received derogatory credit ratings from [Ocwen] although their loan payments were received by the Company before the date on which [Ocwen] was entitled to impose those fees and report those payments as "late."

Compl. ¶ 1. The complaint alleges that Ocwen "repeatedly" charged improper late fees when loan payments were made in a timely manner and "repeatedly" reported mortgagors to the three major credit bureaus for making late payments when the payments were actually received on time. *Id.* ¶ 3. Ocwen has "consistently maintained a policy of failing to credit the loan payments made by [Ocwen's] customers in a timely manner in order to increase the late fee and interest payments made by those consumers." *Id.* ¶ 4. Plaintiff alleges that this "practice" increases Ocwen's revenue and profitability at the expense of mortgagors. *Id.* ¶ 31.

### B. Ocwen Loan Servicing Background

In his first amended complaint ("FAC"), Plaintiff raises only one claim under the UCL. Plaintiff alleges that he maintains three home loans (the "Home Loans") which are all serviced by Ocwen. FAC ¶ 9.

Ocwen is a loan servicing company that began to service Plaintiff's Home Loans in or around

---

[1] Where the FAC differs from the complaint, the Court only considers the allegations in the removed complaint for the purposes of the motion to remand.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
|---|---|---|---|
| Title | Symeon Argyropoulos v. Ocwen Loan Servicing, LLC | | |

September 2010.[2] FAC ¶¶ 10, 24, 26. Ocwen mails borrowers monthly account statements with attached payment coupons and requests that borrowers return their monthly payments with those payment coupons. FAC ¶ 27. The monthly account statements specify the amount of an on-time payment and the date on which that payment is due. FAC ¶ 28. And the account statements provide that consumers will be charged late fees if their payments are received by Ocwen after a specified date. FAC ¶ 29.

Since Ocwen began to service Plaintiff's Home Loans, it has provided Plaintiff with a schedule of payments and monthly account statements with payment coupons attached. FAC ¶ 34. But Ocwen "routinely" provides multiple statements each month with inconsistent requests for payments and inconsistent pay-off amounts. *Id.*

Because the Home Loans have the same payment date and location, Plaintiff typically forwards his payments in the same "overnight mail" envelope. FAC ¶ 35. And even though Ocwen has received payments from Plaintiff by the sixteenth day of various months, it has "continually" sent false and misleading account statements that claim Plaintiff owes Ocwen late fees and that late fees are due. *See* FAC ¶ 36.

C. *Specific Instances of Failure to Credit Timely Payments*

On September 8, 2014, Plaintiff sent the September payments for the Home Loans to Ocwen via U.S. Postal Service Mail. FAC ¶ 38. Ocwen acknowledged receipt of two of the three payments enclosed in the envelope, but did not acknowledge the third payment until after the due date. *Id.*

On November 15, 2013, Plaintiff sent his November payments for the Home Loans to Ocwen via U.S. Postal Service Express Mail. FAC ¶ 41. Plaintiff confirmed that the payment for the Home Loans was received by Ocwen on November 16, 2013. *Id.* Nonetheless, Ocwen did not record Plaintiff's payment until after November 20, 2013. *Id.* As a result, Plaintiff's December account statement indicated that he had accrued late fees in connection with his Home Loans. *Id.*

In December 2013, Plaintiff wrote Ocwen a letter stating that it had improperly imposed late fees on him and requesting that the company accurately process his payments. FAC ¶¶ 39, 42. Ocwen

---

[2] Other servicers serviced the Home Loans prior to September 2010, when they were transferred to Ocwen. FAC ¶ 33.

|  |  | : |
|---|---|---|
|  | Initials of Preparer | |
|  | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
|---|---|---|---|
| Title | Symeon Argyropoulos v. Ocwen Loan Servicing, LLC | | |

refused to reverse many of the late fees. FAC ¶ 39. Ocwen eventually wrote a letter to Plaintiff, through its counsel, stating that the late fees were proper. FAC ¶ 42.

On April 15, 2015, Plaintiff sent the April payments for the Home Loans to Ocwen via U.S. Postal Service Express Mail. FAC ¶ 37. The scheduled delivery date was April 16, 2015. *See id.* Plaintiff confirmed that the payment for the Home Loans was received by Ocwen on April 16, 2015. *Id.* Nonetheless, Ocwen did not record Plaintiff's payment until after April 22, 2015. *Id.* As a result, Plaintiff's May account statement indicated that he had accrued well in excess of $1,000 in late fees in connection with his Home Loans. *Id.*

In September 2015, after Plaintiff filed his initial complaint in this matter, Plaintiff sent his September payments for the Home Loans via U.S. Postal Service Express Mail. FAC ¶ 44. Ocwen received the payments on September 2015, but nonetheless imposed a late fee. *Id.*

D. *Harm from Practices*

Once Ocwen designated Plaintiff's payments as late, it reported that Plaintiff had made late payments on the Home Loans that affected Plaintiff's credit history. *See* FAC ¶¶ 46, 48.

Ocwen improperly fails to credit payments on the day those payments are received. FAC ¶ 52. And Ocwen imposes an improper late fee date in determining whether it is entitled to late fees. *Id.*

**III. Discussion**

A. *Plaintiff's Motion to Remand*

Plaintiff argues that removal under CAFA was improper for several reasons. Plaintiff argues that Defendant has not established the jurisdictional requirements under CAFA. Dkt. 29 at 6–10. First, Plaintiff asserts that Defendant has not established that the amount in controversy exceeds $5 million by a preponderance of the evidence. *Id.* at 7–9. Plaintiff finds that the notice of removal lacks evidence of the putative class members in the present case. *Id.* at 8. Plaintiff asserts that "only a small percentage of the late fees 'assessed' and paid by consumers are at issue in this action" because Plaintiff only believes that a small percentage (somewhere between 2–10%) of consumers charged with late fees are assessed

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
|---|---|---|---|
| Title | *Symeon Argyropoulos v. Ocwen Loan Servicing, LLC* | | |

when Defendant does not have a right to assess such a fee.[3] *Id.*

Defendant argues that a review of the operative complaint and Ocwen's internal records establishes that the amount in controversy greatly exceeds the jurisdictional minimum. Defendant argues that, contrary to Plaintiff's interpretation of the law, Defendant must only establish that the gross amount of charges assessed meet the amount in controversy threshold. Dkt. 32 at 6. Defendant argues that the motion is directly controlled by the Ninth Circuits opinion in *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395 (9th Cir. 2010). *Id.* And Defendant argues that even if less than 100% of the assessed late fees can be considered for the purposes of calculating the amount in controversy, the complaint still provides a sufficient basis to find Defendant has established that jurisdiction is proper under *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193 (9th Cir. 2015). *Id.* at 12–17.

In support of its opposition to the motion to remand, Defendant introduced a declaration from Crystal Kearse, a Senior Loan Analyst from Ocwen Financial Corporation. *See* Dkt. 32-1. Kearse stated that Ocwen's records showed that it had assessed over $96 million in late charges from California customers the date of filing the complaint until the end of February 2016. *Id.* ¶ 5. Kearse also declared that Ocwen had assessed over $50 million to California customers, in the same time period, due to late payments where its records indicated that it received payment on the 17th, 18th, 19th, 20th, 21st, or 22nd of the month. *Id.* ¶ 6. She also stated that over $47 million in late fees were actually paid on California mortgage loans during the same time period. *Id.* ¶ 7.

Plaintiff argues that the gross sums offered by Kearse are of little importance because only a small percentage of assessed late fees are likely to have been assessed when Ocwen was not entitled to assess a late fee. Dkt. 34 at 5. Plaintiff finds Kearse's averments regarding late fees assessed between the 17th and 22nd of the month similarly irrelevant because the declaration does not state when the late fee assessment date is for any given loan. *Id.* at 6. Thus, Plaintiff argues that Defendant should have offered evidence of fees assessed for payments that are late a given number of days rather than assessed based on payments made during a certain day of the month. *Id.* at 7.

1. Standard

CAFA gives federal district courts original jurisdiction over class actions involving at least 100

---

[3] Plaintiff makes several other arguments in his moving papers but appears to abandon them in his reply brief. *See* Dkt. 32.

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
| Title | Symeon Argyropoulos v. Ocwen Loan Servicing, LLC | | |

class members, minimal diversity, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). In its notice of removal, a defendant is required only to offer a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A "defendant's amount-in-controversy allegations should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

There is no antiremoval presumption in CAFA cases. *Dart*, 135 S. Ct. at 554. But when a plaintiff contests a defendant's amount-in-controversy calculation, the defendant still bears the burden of establishing that removal was proper by a preponderance of the evidence. *Id.* at 553–54; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

2. Application

Defendant has sufficiently established that the amount in controversy exceeds the jurisdictional minimum. When a plaintiff alleges certain charges incurred by customers are inappropriate, a defendant "need not concede liability" for a jurisdictionally sufficient portion of their gross billings to establish the amount in controversy. *Lewis*, 627 F.3d at 400. Here, Defendant has satisfied CAFA's jurisdictional requirements because Plaintiff alleged that Defendant improperly assessed the putative class late fees and Defendant has offered evidence that they assessed over $96 million in late charges from the date of filing the complaint until the end of February 2016. *See id.* at 397–98. Accordingly, the motion to remand is DENIED.

A. *Defendant's Motion to Dismiss*

Plaintiff claims that Defendant has violated the UCL by failing to credit payments on the date of receipt in violation of 10 C.C.R. § 1950.314.7, making false and misleading misrepresentations concerning the dates by which payments have to be received to avoid late fees, and imposing late fees despite the terms of § 1950.314.7 and Ocwen's agreements and disclosures. FAC ¶ 57.

Defendant argues that Plaintiff fails to state a claim upon which relief may be granted because there was no violation of 10 C.C.R. § 1950.314.7 based on the complaint and facts subject to judicial notice. Dkt. 26. Defendant argues that under the terms of Plaintiff's three mortgages, his payments, sent by overnight mail, were not deemed received on the day that they arrived at the address for regular payments instead of the address for overnight or express payments. *Id.* at 1. Defendant asserts that the

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
|---|---|---|---|
| Title | Symeon Argyropoulos v. Ocwen Loan Servicing, LLC | | |

loan documents at issue provide "specific instructions regarding the place of payment: express overnight payments must be sent to one location (West Palm Beach, Florida, or Louisville, Kentucky) while regular, on-time payments are to be sent to a post office box in Carol Stream, Illinois." *Id.* Defendant argues that Plaintiff's claim fails as a matter of law because he has admitted to sending some of the payments at issue to the address intended for regular mail when he used overnight delivery services. *Id.* at 1–2.

Plaintiff asserts that Defendant relies on the improper standard for a motion to dismiss because many of the facts relied upon by Defendant improperly introduce disputed facts and fail to take all inferences in Plaintiff's favor. Dkt. 33 at 3–4. Thus, Plaintiff argues that Defendant's motion to dismiss is a motion for summary judgment in the guise of a motion to dismiss. *Id.*

Defendant argues that the case can properly be disposed of on a motion to dismiss. Defendant contends that all of the documents that it references are appropriately considered at this stage of the litigation because they were incorporated by reference in Plaintiff's FAC. Dkt. 35 at 4–5. And Defendant argues that Plaintiff cannot plausibly allege that it acted unlawfully, unfairly, or fraudulently under the UCL because Plaintiff did not send his payments to the address designated for "Express Payments." *Id.* at 2–9.

1. Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

2. Application

Initials of Preparer    :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-04654-SVW-FFM | Date | April 27, 2016 |
| Title | *Symeon Argyropoulos v. Ocwen Loan Servicing, LLC* | | |

Though the Court acknowledges that there may be some circumstances where the viability of a UCL claim can be tested at the motion to dismiss phase, this is not such an occasion. The arguments made by Defendant are more suitable for a motion for summary judgment. Taking the allegations in the complaint together with all reasonable inferences in Plaintiff's favor, the Court cannot find that Plaintiffs claim must fail as a matter of law. Accordingly, the motion to dismiss is denied.

### IV. Conclusion

For the aforementioned reasons, the Court DENIES Plaintiff's motion to remand [29] and DENIES Defendant's motion to dismiss [26].

IT IS SO ORDERED.

:

Initials of Preparer    PMC